**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | |
|---|---|
| **Chris Smith**, | ) |
| | ) CASE NO. 1:20 CV 01366 |
| | ) |
| Plaintiff, | ) JUDGE PATRICIA A. GAUGHAN |
| | ) |
| Vs. | ) |
| | ) |
| | ) |
| **Commissioner of Social Security**, | ) **Memorandum of Opinion and Order** |
| | ) |
| Defendant. | ) |

**INTRODUCTION**

This matter is before the Court upon the Report and Recommendation of Magistrate Judge Thomas M. Parker ("R&R")(Doc. 17) recommending that the decision of the Commissioner be affirmed. Plaintiff has filed an objection. For the reasons that follow, the R&R is hereby ACCEPTED and the decision of the Commissioner is AFFIRMED.

**STANDARD OF REVIEW**

When objections are made to a Magistrate Judge's Report and Recommendation, the district court reviews the case *de novo*. Federal Rule of Civil Procedure 72(b) provides in

1

pertinent part:

> The district judge to whom the case is assigned shall make a *de novo* determination upon the record, or after additional evidence, of any portion of the magistrate judge's disposition to which specific written objection has been made in accordance with this rule. The district judge may accept, reject, or modify the recommended decision, receive further evidence, or recommit the matter to the magistrate judge with instructions.

### **ANALYSIS**

As set forth below, the Court incorporates the R&R into this Opinion. Therefore, the Court need not repeat the medical history, which is thoroughly recited by the Magistrate Judge.

Plaintiff objects to the Magistrate Judge's conclusion that the ALJ did not commit reversible error in failing to find depression a severe impairment. For the following reasons, this objection is not well-taken.

As noted by the Magistrate Judge, the ALJ did not find depression to be a severe impairment at step two of the sequential analysis. However, as the Magistrate Judge correctly points out, because the ALJ found other impairments to be severe and considered the effect of all of the impairments in assessing the residual functional capacity ("RFC"), any purported step two error is harmless. *See Nejat v. Comm'r of Soc. Sec.*, 359 F. App'x 574, 577 (6th Cir. 2009)("And when an ALJ considers all of a claimant's impairments in the remaining steps of the disability determination, an ALJ's failure to find additional severe impairments at step two does 'not constitute reversible error.'")(quoting *Maziarz v. Sec'y of Health & Human Services*, 837 F.2d 240, 244 (6th Cir. 1987). A review of the ALJ decision confirms that the ALJ considered plaintiff's depression when assessing the RFC at step four of the sequential analysis. Specifically, the ALJ acknowledged plaintiff's subjective mental health complaints, the two

psychological consultative examinations, and the minimal mental health treatment. It is clear from this discussion that the ALJ considered plaintiff's depression in formulating the RFC. It is also clear why the ALJ ultimately determined that plaintiff's mental health diagnoses did not generate any work-related limitations in the RFC. *See Katona v. Comm'r of Soc. Sec.*, 2015 WL 871617, at *6 (E.D.Mich. Feb. 27, 2015) ("[T]o the extent an ALJ determines that an identified impairment, severe or non-severe, does not result in any work-related restrictions or limitations, the ALJ is required to state the basis for such conclusion.")(internal quotations omitted)

Plaintiff appears to be arguing that the ALJ could not have considered his depression at later steps in the sequential analysis because there are no mental limitations contained in the RFC. However, the ALJ was under no obligation to incorporate mental limitations in the RFC. *See Kestel v. Comm'r of Soc. Sec.*, 756 Fed.Appx. 593 (6th Cir. 2018) (finding no reversible error where an ALJ classified mental impairments as non-severe and did not list any mental limitations in the RFC, but had discussed the mental impairments at later steps in the sequential analysis). To the extent plaintiff is asserting that the RFC is not supported by substantial evidence because it contains no mental limitations, the Court finds this argument to be without merit. As discussed by the Magistrate Judge, the ALJ's RFC assessment is supported by substantial evidence, including normal mental status findings, minimal mental health treatment, and the opinions of the state agency consultants. Accordingly, this objection is not well-taken.

**CONCLUSION**

This Court, having reviewed the R&R and finding plaintiff's objection without merit, hereby accepts the Magistrate Judge's R&R. In accordance with that recommendation, judgment is entered in favor of the Commissioner for the reasons stated by the Magistrate Judge and the

3

R&R is incorporated herein by reference.

IT IS SO ORDERED.

/s/ Patricia A. Gaughan
PATRICIA A. GAUGHAN
United States District Judge
Chief Judge

Dated: 7/6/21